IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>      Plaintiff,<br><br>v.<br><br>SARA LEE CORPORATION<br>d/b/a SARA LEE FOODSERVICE<br>      Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br><br>JURY TRIAL DEMANDED |

## **ORIGINAL COMPLAINT**

1.      This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, and Title I of the Civil Rights Act of 1991, *as amended,* to correct unlawful employment practices on the basis of retaliation and to provided appropriate relief to Donna Kinmon ("Kinmon" or "Charging Party") who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Sara Lee Corporation d/b/a Sara Lee Foodservice ("Sara Lee" or "Defendant") violated Title VII by subjecting Ms. Kinmon, an African-American, to retaliation which culminated in her suspension and discharge after she opposed conduct she reasonably believed to be discriminatory.

## **JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, <u>as amended</u>, 42 U.S.C. § 1981a.

3. Venue is proper in this court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff, Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Sara Lee Corporation d/b/a Sara Lee Foodservice ("Sara Lee" or "Defendant") has continuously been and is now doing business in the State of Texas and the City of Houston and has continuously had more than 15 employees. Defendant Sara Lee may be served by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Corp., 701 Brazos Street, Suite 1050, Austin, Texas 78701.

5. At all relevant times, Sara Lee has continuously been an employer engaged in an industry affecting commerce with the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Donna Kinmon filed a charge of discrimination with the Commission alleging violations of Title VII by Sara

Lee, her former employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.　Since at least 2006, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII at its Houston, Texas location.

8.　Ms. Kinmon began her employment with Sara Lee in 2001 as a production machine operator. She continued to work in this capacity until her discharge in August 2007.

9.　In February 2006, Ms. Kinmon filed an internal complaint of sexual harassment against her supervisor, Salvador Lopez, who held the position of second shift production supervisor. Although the sexually harassing behavior stopped, she began experiencing retaliatory behavior. In June 2006, she discussed with Defendant's human resources officials the sexual harassment, Lopez's retaliatory behavior as well as differences in treatment by him between the African-American and Hispanic employees under his supervision. No disciplinary action was imposed on Lopez as a result of either of these complaints.

10.　In August 2007, the machine Charging Party was using became inoperable and, as a result, she called for a mechanic to repair the machine. When the mechanic did not respond, she called again for a mechanic. Finally, Lopez called for the mechanic who then arrived to repair the machine. During the repair process, Charging Party went on her work break as instructed by Lopez. When she returned, it appeared to her the repairs were completed and she began testing the machine. As the machine was still not fully operational, Charging Party began to assist the mechanic with repairing the machine. Lopez then arrived and began yelling at her.

11. Upset at Lopez's unwarranted behavior, on August 20, 2007, Ms. Kinmon filed a grievance with the Union alleging that she was being harassed by Lopez. When the Union Steward delivered the grievance to him, Lopez responded by saying that he would "write her ass up" or "he would write her up too". An employee correction action form dated August 20, 2007 was prepared accusing Charging Party with disobedience. She was suspended on August 21, 2007.

12. On August 28, 2007 Ms. Kinmon was terminated. She was advised that her behavior had violated "Plant Work Rules #5 and #14 (wasting time, loitering, or sleeping in, on, or around company property; inefficient or substandard work performance."

13. The effect of the practices complained of above has been to deprive Ms. Kinmon of equal employment opportunities and otherwise adversely affect her status as an employee because of her protected activity of opposing employment practices she believed to be discriminatory and in violation of Title VII.

14. The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference for the federally protected civil rights of Ms. Kinmon.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

15. Grant a permanent injunction enjoining Sara Lee, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of opposition to discrimination;

16. Order Sara Lee to institute and carry out policies, practices and procedures which provide equal employment opportunities for employees engaging in protected activity

and which eradicates the effects of its past and present unlawful employment practices;

17. Order Sara Lee to make Ms. Kinmon whole by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices she was subjected to;

18. Order reinstatement into a comparable position for Ms. Kinmon or award front pay in the amounts to be proven at trial if reinstatement is impractical;

19. Order Sara Lee to make Ms. Kinmon whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket expenses such as job search expenses and insurance expenses in amounts to be proven at trial;

20. Order Sara Lee to make Ms. Kinmon whole by paying compensatory damages to her for her past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses she suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

21. Award punitive damages to Ms. Kinmon for Sara Lee's malicious and/or reckless conduct described above, in amounts to be proven at trial;

22. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

23. Order all affirmative relief necessary to eradicate the effects of its unlawful employment practices;

24. Award the Commission its costs in this action; and

25. Grant such other and further relief as the Court deems necessary and proper.

<u>JURY TRIAL DEMANDED</u>

26. The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507


By: /s/Kathy D. Boutchee
    Kathy D. Boutchee
    Attorney-in-Charge
    TBN: 02717500
    SDN: 10145
    EEOC
    Houston District Office
    1919 Smith Street, 7th Floor
    Houston, Texas 77002
    (713) 209-3399
    Fax: (713) 209-3402
    Email: kathy.boutchee@eeoc.gov

ATTORNEYS FOR PLAINTIFF

<u>OF COUNSEL</u>
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402


P:\SaraLee\Pleadings\SaraLee Original Complaint.wpd